# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN McDANIEL, individually,**
**and on behalf of all others similarly**
**situated,**
        **Plaintiff,**

**v.**                                                    Case No:   6:13-cv-01878-GAP-GJK

**FIFTH THIRD BANK,**

        **Defendant.**

## ORDER

This matter is before the Court on a Motion to Remand to State Court (Doc. 15) filed by Plaintiff Brian McDaniel, individually and on behalf of all others similarly situated ("McDaniel"), Defendant Fifth Third Bank's ("Bank") response thereto (Doc. 18), and McDaniel's reply (Doc. 24).

**I.     Background**

Remand, in this case, turns on whether the amount-in-controversy exceeds the $5 million class action jurisdictional requirement. The parties agree that the total amount of compensatory and statutory damages do not exceed $2,989,335.00. Therefore, the jurisdictional amount can only be met if the punitive damages the Plaintiff is seeking are in controversy and exceed $2,010,665.00. The lawsuit arose out of Bank's practice of charging non-account holders, who wished to cash checks at Bank's branch offices, a $4.00 check cashing fee. (Doc. 3 ¶ 13). After charging the fee, Bank gave the non-account holder cash in the amount of the check, minus the fee. (*Id.*). McDaniel seeks certification of a class of non-account holding persons in Florida who were charged this fee. (*Id.* at 21).

On November 6, 2013, McDaniel filed his Amended Complaint in state court. It contained nine counts including newly asserted claims of fraud, fraud in the inducement, and a violation of Florida's Consumer Collection Protection Act ("FCCPA"). (*Id.* ¶¶ 42-56, 62-75). In addition to the new claims, McDaniel added punitive damages to the relief sought. (*Id.* at 21). Based on the claims asserted in McDaniel's Amended Complaint, Bank removed the case to federal court under the Class Action Fairness Act ("CAFA"), Pub.L. No. 109–2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C., diversity jurisdiction provision codified as 28 U.S.C. § 1332(d)). The total amount of compensatory and statutory damages claimed by McDaniel does not exceed CAFA's $5 million jurisdictional requirement. Bank contends that the amount-in-controversy requirement has been met, however, with the addition of McDaniel's punitive damages claim. McDaniel's motion to remand argues that Bank has offered insufficient evidence that punitive damages exceeding the jurisdictional amount are at issue in the case.

## II.     Standard

On a motion to remand an action that has been removed under CAFA, a defendant bears the burden of establishing the presence of subject matter jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006). Removal statutes are to be strictly construed, and any doubt as to the presence of jurisdiction should be resolved in favor of remand. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

When a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional requirement. *Williams v. Best Buy, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Specifically, the defendant must establish the amount in controversy by "[t]he greater weight of the evidence, ... [a]

superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2007).

**III.     Analysis**

Before the Court can address the value of McDaniel's punitive damages claim, it must evaluate whether punitive damages are legally recoverable in the case. Simply put, McDaniel does not appear to have viable claims, and the only claims that could result in sufficient punitive damages to confer federal jurisdiction fail as a matter of law. Therefore, McDaniel's Motion to Remand to State Court must be granted.

**A. Amount-in-Controversy and Punitive Damages**

The amount-in-controversy is determined by an estimate of the damages, both compensatory and punitive, that will be at issue during litigation. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *see also*, *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy . . . is an estimate of the amount that will be put at issue in the course of the litigation."). If a plaintiff's claim supporting an award of damages is deficient on its face, those damages cannot be considered at issue. *See Pretka*, 608 F.3d at 754 (determining that a court may consider whether it is facially apparent from the complaint that the jurisdictional amount is at issue); *see also, Lowery*, 483 F.3d at 1213-15 (permitting the court to examine the plaintiff's complaint to determine whether the allegations were sufficient to support an amount-in-controversy exceeding the CAFA threshold). This necessarily includes a claim supporting an award of punitive damages. *Cf. Pretka*, 608 F.3d at 754. Therefore, a removing defendant cannot establish that the amount-in-controversy exceeds the jurisdictional threshold if it must rely on a facially deficient claim.

### B. McDaniel's Fraud Claims

McDaniel's fraud claims are facially deficient. In counts Four and Five of the Amended Complaint, McDaniel alleges fraud and fraud in the inducement. (Doc. 3 ¶¶ 62-75). McDaniel alleges that Bank made a misrepresentation when it told McDaniel and other non-account holders that it was legally entitled to charge the $4.00 fee. (*Id.*). The alleged misrepresentation is one of law and not fact; therefore, McDaniel's fraud claims are deficient on their face. *Capps Agency, Inc. v. MCI Telecommunications Corp.*, 863 F. Supp. 1555, 1558 (M.D. Fla. 1993) (well settled Florida law holds that fraud cannot be predicated on an opinion about or misrepresentation of law). Bank cannot establish that punitive damages are at issue because an award of punitive damages relies on McDaniel's facially deficient fraud claims.

### C. Insufficient Punitive Damages Under the FCCPA

The only other basis McDaniel asserted to recover punitive damages is under the FCCPA. Fla. Stat. § 559.77(2). However, as Bank notes in the Notice of Removal, the statutory limit on punitive damages for a violation of the FCCPA is $1.5 million. (Doc. 1 ¶ 19); *see* Fla. Stat. § 768.73(1)(a) (limiting amount of punitive damages recoverable). Because the fraud claims fail and the FCCPA claim cannot exceed $1.5 million in punitive damages, Bank cannot establish that punitive damages exceeding $2,010,665.00 are at issue in this case. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible."); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) (determining that remand is appropriate if it can be established that it is legally impossible to recover more than the threshold amount).

**IV.    Conclusion**

Bank cannot show that the punitive damages in controversy exceed $2,010,665.00 because the fraud claims are facially deficient.

It is therefore,

**ORDERED** that McDaniel's Motion to Remand to State Court (Doc. 15) is **GRANTED**. The case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. All other pending motions are **DENIED AS MOOT**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 28, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party