# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN MCDANIEL,**

    **Plaintiff,**

**v.**                                                                          **Case No:   6:13-cv-1878-Orl-31GJK**

**FIFTH THIRD BANK,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Defendant's Motion to Strike Plaintiff's Notice of Voluntary Dismissal (Doc. 36) and the Plaintiff's opposition thereto (Doc. 42).

**I.  Background**

The Plaintiff, Brian McDaniel ("McDaniel"), filed the instant suit in state court on July 3, 2012.  It was removed to this Court by the Defendant, Fifth Third Bank (the "Bank"), on December 6, 2013.  (Doc. 1).  McDaniel moved to remand the case on January 3, 2014 (Doc. 15), and on February 28, 2014, the Court granted that motion.  (Doc. 30).  The Bank appealed to the United States Court of Appeals for the Eleventh Circuit, which on June 5, 2014 entered an order (Doc. 33) vacating this Court's order granting the motion to remand.  The same day that the appellate court issued its decision, McDaniel filed a notice of voluntary dismissal (Doc. 32) in this Court pursuant to Fed.R.Civ.P. 41(a)(1)(A).[1]  The Eleventh Circuit's mandate issued on July 8,

---

[1] That Rule provides, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed.R.Civ.P. 41(a)(1)(A).

2014. (Doc. 37). That same day, but after the mandate's issuance, the Bank filed in this Court an answer (Doc. 34), a motion for judgment on the pleadings (Doc. 35), and the instant motion (Doc. 36).

## II.   Analysis

The Bank argues that the Plaintiff's notice of voluntary dismissal should be stricken because it was filed while this Court lacked jurisdiction over this case and was, therefore, "a legal nullity". (Doc. 36 at 1). As such, the Bank argues, the filing of the notice was improper and the notice must be stricken. *See*, *e.g.*, *Palmer v. Security Nat'l Bank*, 2001 WL 877584 (E.D. Pa. June 13, 2001) (striking improperly filed notice of voluntary dismissal).

There is no dispute that, when the notice was filed, jurisdiction over this action resided in the Court of Appeals. However, while this Court lacked the authority to act on the Rule 41 notice at that moment, its filing was not therefore improper. In the cases cited by the Defendant, the notices were stricken because -- for various reasons -- the filing party lacked the ability to voluntarily dismiss the case. In the *Palmer* case cited above, a motion for summary judgment had been filed before the Rule 41(a)(1)(A) notice. *Id.* at *1. In *Alstom Power, Inc. v. S & B Engineers & Constructors, Ltd.*, 2007 WL 1284968 (N.D. Tex. April 30, 2007), another case cited by the Bank, the Court refused to allow a Rule 41(a)(1)(A) dismissal after a determination on the merits in a proceeding to confirm an arbitration award, despite the fact that the case's posture technically satisfied the requirements for such a voluntary dismissal (*i.e.*, no answer or motion for summary judgment had been filed).

In the instant case, there was nothing similar to impede the Plaintiff's ability to file a Rule 41(a)(1)(A) notice. The only thing that kept the notice from taking effect immediately was this Court's lack of jurisdiction. At worst, the filing was premature, rather than improper. Because

of this, the notice simply sat there, dormant, until the mandate issued and jurisdiction returned to this Court.   At that moment, because Rule 41(a)(1) notices are self-executing,[2] the notice took effect.

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Strike Plaintiff's Notice of Voluntary Dismissal (Doc. 36) is **DENIED**.   And it is further

**ORDERED** that, pursuant to the Plaintiff's Notice of Voluntary Dismissal, all pending motions are **DENIED AS MOOT** and this case is **DISMISSED WITHOUT PREJUDICE.** The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 4, 2014.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] *See*, *e.g.*, *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir 1990).